**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CHRIS SEVIER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00040-JRG-RSP |
| | ) | |
| **BLACKBERRY LIMITED,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(5) MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Defendant BlackBerry Limited respectfully submits the following Reply to Plaintiff's Response to Defendant's Rule 12(b)(5) motion to dismiss this action for insufficient service of process and in the alternative to quash the alleged service of process as set forth in Docket Entry No. 6.

**I.  PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Chris Sevier ("Plaintiff" or "Sevier") makes the following responses to Defendant's Motion to Dismiss:

**a.**  Sevier acknowledges on page 16 of his Response that ". . . service of process should likely be quashed . . ." but that he is willing to serve BlackBerry Limited's corporate officers in Canada by commissioned personal process agents.[1] Despite Plaintiff's admission that he has not served process of any kind in this action on the Canadian Defendant, Sevier's

---

[1] Response at 2.

1

Response characterizes Defendant's pending motions as "greasy procedural arguments"[2] and Defendant's counsel as "corporate sell out lawyers."[3]

    **b.**    In his Response, Plaintiff contends that BlackBerry Corporation should be joined under Rule 19.[4]

    **c.**    Sevier's Response also argues that the Court should decide whether to make Mrs. Dixon and BlackBerry Corporation a party and asks that the case caption be changed to *Dixon v. BlackBerry Corporation*.[5]

    **d.**    Plaintiff's Response contents that the Court should decide "whether it will adopt the first amended complaint[6] at this time or whether it prefer that the Plaintiff Sevier reserve [sic] BlackBerry Limited and BlackBerry Corporation, only to then file the complaint as a matter of course."[7]

    **e.**    Pages 3 through 24 of the Response repeat the substance of Plaintiff's Complaint and discuss the four factors relevant to granting a preliminary injunction against BlackBerry Limited (1) likelihood of success (2) irreparable harm (3) balance of hardship (4) public interest.

    **f.**    Finally, Plaintiff purports to advise the Court that Magistrate Judge Knowles of the Middle District of Tennessee engaged in "malicious judicial activism " . . . [j]udicial bullying and narcissism . . ."[8] Sevier acknowledges that Magistrate Knowles "does not

---

[2] *Id.*, footnote 6.  On page 3 of the Response, Sevier also argues that Defendant BlackBerry Limited offers its "asinine feelings" and "implausible lunacy" about the action.
[3] *Id*. at 8.
[4] *Id.* at 1.
[5] *Id*. at 14.
[6] The First Amended Complaint at Dkt. No. 9 purports to add Lauren Dixon as an additional Plaintiff to the present action against BlackBerry Limited.
[7] Response at 14.
[8] *Id.* at 15.

personally like Plaintiff Sevier because he has called the Magistrate a feckless knit wit [sic] with the reasoning skills of an ameba . . ."[9]

**II.     Argument**

Items I.b through I.f above are not timely because Plaintiff has acknowledged that he has not properly served the Canadian Defendant with a Summons and Complaint in this action. Accordingly, Defendant should not be expected to respond to those suggestions in the admitted absence of service of process.

With respect to Defendant's pending Motion to Dismiss, Sevier's Response makes no colorable attempt to satisfy his burden of establishing the validity of his service of process. *See Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) ("The party making service has the burden of demonstrating its validity when an objection to service is made"). There are no issues of facts concerning the sufficiency of service that could be ruled in favor of Plaintiff because his Response makes no effort to identify any. Defendant, therefore, urges the Court to exercise its broad discretion under Fed.R.Civ.P. 12(b)(5) to dismiss the pending action rather than retain the case and merely quash the purported service of summons and return of service.

No attempt has been made to serve the Defendant Canadian corporation which a cursory pre-suit investigation would have disclosed must be done under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.[10]  Canada is a signatory to The Hague Convention[11] which does not permit service of process on BlackBerry Limited in the manner that Plaintiff currently states it intends to pursue.  *See Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 384–85 (5th Cir. 2002).  The Court should therefore dismiss this action under Rule

---

[9] *Id.* at footnote 23.
[10] Fed.R.Civ.P. 4(f)(1) & (h)(2).
[11] *See* https://www.hcch.net/en/states/hcch-members/details1/?sid=28 (last visited 3/21/2016).

12(b)(5). Given the present record, Defendant respectfully suggests that the Court should issue the requested order dismissing the action against the Defendant Canadian corporation without prejudice.

### III.  CONCLUSION

For the reasons set forth above, BlackBerry Limited respectfully asks the Court for the relief sought pursuant to Fed.R.Civ.P. 12(b)(5).

Date:  March 24, 2016

Respectfully submitted,

*/s/ E. Leon Carter*
E. Leon Carter
Texas State Bar No. 03914300
lcarter@carterscholer.com
Joshua J. Bennett
Texas State Bar No. 24059444
jbennett@carterscholer.com
John S. Torkelson
Texas State Bar No. 00795154
jtorkelson@carterscholer.com
**CARTER SCHOLER ARNETT HAMADA & MOCKLER, PLLC**
8150 N. Central Expressway, Fifth Floor
Dallas, Texas 75206
T: (214) 550-8188  |  F: (214) 550-8185

**ATTORNEYS FOR DEFENDANT BLACKBERRY LIMITED**

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 24, 2016. In addition, on March 24, 2016, a copy of this document was sent by first class U.S. Mail, postage prepare and by email to the following addresses:

Chris Sevier
9 Music Square #247
Nashville, TN 37203

Chris Sevier
ghostwarsmusic@gmail.com

Lauren Dixon
9 Music Square South #247
Nashville, TN 37203

Lauren Dixon
lauren@girlsagainstporn.com


*/s/ John S. Torkelson*
John S. Torkelson