**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CHRIS SEVIER | § | |
| | § | |
| v. | § | Case No. 2:16-cv-040-JRG-RSP |
| | § | |
| BLACKBERRY LIMITED | § | |

## REPORT AND RECOMMENDATION

Currently before the Court is the Defendants' Motion to Dismiss for Insufficient Service of Process under Rule 12(b)(5). (Dkt. No. 7). Plaintiff, who is a lawyer representing himself, has sued Blackberry Limited alleging that it "is a Canadian corporation with its principal offices at 2200 University Ave. E, Waterloo, Ontario, Canada." (Dkt. No. 1 at 5, fn. 9). On the Proof of Service he filed into the record, he states that he "served Blackberry Limited by certified register mail with return receipt requested" which was mailed to "Blackberry Limited Corporate Officer, 5000 Riverside Drive, Irving, Texas." (Dkt. No. 6 at 1-2). He attaches a return receipt with an illegible signature. (Dkt. No. 6 at 3).

Defendant's motion points out to Plaintiff the many ways in which Plaintiff has fallen short of the requirements both for service of process and for proof of service under Fed. R. Civ. P. 4(h)(2) and 4(l)(2). Plaintiff's response to the motion is to label it as "cultivating confusion and distorting reality to avoid liability" rather than to offer a legal defense of the manner of service employed. (Dkt. No. 11 at 2). In the more than five months since Plaintiff conceded that his service of process was deficient, he has filed no further attempt to correct it.

The Court finds that Plaintiff has failed to file proper evidence of proper service of process upon Defendant Blackberry Limited. Due to this failure, the motion filed by Plaintiff to add another defendant (Blackberry Corporation) and to add another plaintiff (Lauren Dixon) (Dkt. No. 12) is moot. If Plaintiff chooses to file a new suit, he can file a new complaint

- 2 -

including the parties he deems appropriate, and cause it to be served upon the defendant(s) in accordance with the rules.

IT IS RECOMMENDED  that the Motion to Dismiss for Insufficient Service of Process (Dkt. No. 7) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court.  Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 5th day of September, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE